IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS MARINGO (#A-79483831), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1878 |
| | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Denis Maringo (#A-79483831), is currently in custody of United States Immigration and Customs Enforcement officials at a local detention center.  Maringo, who proceeds *pro se* and *in forma pauperis*, has filed a petition for a writ of mandamus to compel the production of documents that are allegedly in possession of the United States Department of Homeland Security in Maringo's "immigration file."  Maringo has also filed a motion for "voluntary withdrawal" of this Court, which is construed as a motion to recuse.  After reviewing all of the pleadings, and the applicable law, the Court **denies** Maringo's motion to recuse and **dismisses** this case for reasons set forth below.

## I.      BACKGROUND

Maringo is a native and citizen of Tanzania.  Maringo reports that he has been in custody of immigration officials since December of 2005, awaiting deportation or removal

from the United States.   The respondents in this case are the United States Department of

Homeland Security ("DHS") and the United States Attorney General.

This case stems from a request by Maringo to have documents produced during an

immigration removal proceeding.   Maringo claims that his "immigration file," which is

reportedly maintained by DHS, contains certain documents that were "confiscated" from

Maringo during his arrest.[1]  In particular, Maringo claims that immigration officers seized

copies of four "political" manuscripts that he had written and planned to publish on the

following subjects: (1) "the failure of U.S. intelligence"; (2) the "conspiracy of the U.S.

[government] to exterminate the black race on the planet";  (3) the "Moral Deficiencies of

Capitalism"; (4) the "A-Z Analysis on how Imperialist U.S. Corporations such as Starbucks,

Exxon Mobil, Tiffany's, Pfizer, and many others have exploited [sic] and aggravated the

poverty and sufferings of the African Peoples, especially in the Sub-Saharan Africa."  (Doc.

# 1, Petition, at 3).  Because the rest of Maringo's copies were reportedly "lost in a flood,"

Maringo requests copies of these documents from his immigration file.  (*Id.* at 5).

Maringo contends that he needs the requested documents from his immigration file

for the purpose of asserting a claim for asylum.  (*Id.* at 3, 5).  In that regard, Maringo argues

that these documents are proof that the immigration charges that have been lodged against

---

[1]      Court records reflect that Maringo was indicted by a federal grand jury in this district and
charged with two counts of immigration fraud. *See United States v. Maringo*, Criminal No.
H-05-0129 (S.D. Tex.).  In particular, he was accused of making false statements on an
application to adjust his immigration status and unlawfully procuring his visa by fraud.
Maringo pled guilty to both counts on December 15, 2005.  He did not file an appeal.

him are "political[ly] motivated" because of his "political philosophies." (*Id.* at 2). Maringo explains that his philosophy is more "powerful" than those of "Karl Marx, Vladmir I. Lenin, Mao Tse Tung (Dong), Mahatma Gandhi, Kwame Nkrumah, Julius Nyerere, Nelson Mandela, Martin Luther King all combined." (*Id.*). Maringo states further that the respondents are attempting to deport him because they are "afraid of the versality [sic] of talents and the prophetic genius which the petitioner has been endowed and so blessed by the creator and their failure to took [sic] necessary steps to listen to him when he has warned them of the events that led to the 2002 bombing of an Israeli jetliner and a hotel in Mombasa East Africa," which the Federal Bureau of Investigation was "reluctant to do something about." (*Id.* at 2-3).

Maringo reports that he requested the above-referenced documents in March of 2006, but that he has not received any of the requested information to date. Exhibits attached to the petition reflect that United States Citizenship and Immigration Services ("USCIS") received a request for information from Maringo on April 17, 2006. (Doc. # 1, Ex. A). The request reportedly asked for "information relating to Maringo, Denis." (*Id.*). In a letter dated April 19, 2006, USCIS advised Maringo that his request was being handled under the Freedom of Information Act ("FOIA") on a "first-in, first-out basis" and that, given the nature of his open-ended request, his request was being placed "on the complex track." (*Id.*). The letter also informed Maringo that his request could move to a "faster track" if he were willing to "modify it to identify a specific document(s), the exact information sought, and location if known." (*Id.*). Maringo reports that he complied by submitting a more detailed

3

request for the above-referenced manuscripts, but that he has yet to receive copies.  (Doc. # 1, Petition, at 2).

It appears that Maringo sent his initial request for documents to the wrong agency. The exhibits show that, after assessing Maringo's request, USCIS sent him a letter on May 10, 2006, advising Maringo that the requested records were "not under the purview of USCIS." (Doc. # 1, Ex. A-2).  Accordingly, USCIS informed Maringo that it was referring his request to the United States Immigration and Customs Enforcement ("ICE") for processing. (*Id.*).

On December 4, 2006, ICE sent Maringo a letter advising him that it had received his FOIA request on July 14, 2006.  (Doc. # 1, Ex. B).  Acknowledging the delay in answering Maringo's request, the letter advised him that officials were "working diligently to address the backlog of cases" referred to ICE.  (*Id.*).  The letter also informed Maringo that it would answer his request "on the appropriate first-in, first-out track for processing."  (*Id.*).

To date, ICE has not produced the above-referenced manuscripts that Maringo believes are within their control. Citing the delay in receiving the requested information, Maringo seeks a writ of mandamus under 28 U.S.C. § 1361 and the Freedom of Information Act, 5 U.S.C. § 552.  Maringo also invokes the Administrative Procedure Act, 5 U.S.C. § 704, and the All Writs Act, 28 U.S.C. § 1651(a).  The Court concludes, however, that his petition must be dismissed for reasons set forth below.

II.    **STANDARD OF REVIEW**

4

The petitioner in this case proceeds *pro se* and *in forma pauperis*.  A reviewing court may dismiss a complaint filed by a party proceeding *in forma pauperis* "at any time" if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In making that determination, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

An *in forma pauperis* complaint may be dismissed as frivolous under § 1915(e)(2)(B) if it lacks an arguable basis in law or fact.  *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974 (abrogating the former Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

### A.   The Petition is Frivolous and Malicious

As an initial matter, the Court notes that the petitioner has a record of filing frivolous claims. *See Maringo v. McGuirk*, Civil Action No. H-07-0403 (S.D. Tex.) (dismissing as frivolous several bizarre claims by Maringo, including those against ICE attorney Erica J. McGuirk and her "ghost," who Maringo describes as "the reincarnated Jezebel Princess of Evil"). The allegations in this case do not demonstrate that the respondents have improperly withheld documents relevant to a claim for asylum.[2]  Further, the petitioner's allegations in the pending petition appear factually frivolous because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v.*

---

[2]      Maringo contends that he needs the above-referenced manuscripts outlining his political philosophy and "prophetic genius" so that he can establish that he is entitled to asylum. Asylum is discretionary relief from deportation or removal, which is available where (1) a person is "unwilling to return to" their home country "because of persecution or a well-founded fear of persecution"; and (2) the applicant has demonstrated that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1101(a)(42); and 8 U.S.C. § 1158(b). Although Maringo appears to claim that he is entitled to asylum on account of his political or philosophical views, the views outlined in his pleadings are not critical of Tanzania, but are instead critical of the United States. Maringo does not allege or show that he was ever the subject of persecution in Tanzania; nor does he establish that he has a well-founded fear of persecution if he is returned to Tanzania. This further underscores the frivolous nature of the FOIA request and the present petition for a writ of mandamus.

*Williams*, 490 U.S. 319, 325, 328 (1989)). The petition is therefore subject to dismissal as frivolous.

The petition also appears malicious. A review of the complaint in this case shows that Maringo's allegations are similar to those raised in at least one other action filed by him in this district against an individual attorney employed by ICE and the local ICE District Director. *See Maringo v. McGuirk*, Civil Action No. H-07-0403 (S.D. Tex.). The complaint filed by Maringo in that case made similar allegations about the above-referenced manuscripts that were allegedly confiscated by immigration officials upon his arrest and seeks a writ of mandamus or an injunction to compel production of these documents. A complaint is considered "malicious" if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because Maringo has made the same or similar claims in another lawsuit, the Court concludes that his complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Alternatively, the claims lack merit for reasons set forth below.

### B.    The Petition Does Not Merit Relief

The federal mandamus statute invoked by the petitioner in this case provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff."  28 U.S.C. § 1361.  Historically, as well as under the present codification found in § 1361, the writ of mandamus has been considered a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."), *cert. denied*, 397 U.S. 941 (1970).  To obtain a writ of mandamus, a plaintiff must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."  *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).

Maringo fails to show that he is entitled to a writ of mandamus because he does not establish a clear right to relief.  Under the FOIA, 5 U.S.C. § 552, any person has a right to obtain access to federal agency records except where such records are protected from public disclosure by one of nine exemptions or by one of three special law enforcement exclusions. Federal courts have only limited jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  Thus, to state a cause of action a petitioner must allege facts showing that the respondents have improperly

withheld agency records within the scope of FOIA.[3]  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *Goldgar v. Office of Admin.*, 26 F.3d 32, 34 (5th Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995).

As noted above, the allegations in the petition are rambling, incoherent, and appear frivolous as a matter of fact.  A "nonsense request" of the sort made by the petitioner may be appropriately disregarded by an agency as not within the scope of the FOIA.  *Lamb v. I.R.S.*, 871 F. Supp. 301, 304 (E.D. Mich. 1994).

Moreover, assuming that the above-referenced political manuscripts constitute agency records with the scope of the FOIA, Maringo fails to demonstrate a clear right to relief because he does not allege facts showing that documents have been improperly withheld. Maringo does not allege or show that the respondents have refused to provide the requested information.  He claims only that there has been delay in responding to his request.  The pleadings and exhibits show that the petitioner's FOIA request is pending along with a high volume of other requests and will be completed in turn on a "first-in, first-out" basis.  (Doc. # 1, Exhibits A and B).  The "first-in, first-out" process by which the government responds to FOIA requests is a reasonable method for dealing with the numerous demands which this statute places on a government agency.  *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976); *Eastern Carpet House, Inc. v. Department of*

---

[3]      Agency records are either (1) created or obtained by an agency or (2) under agency control at the time of the FOIA request.  *United States Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

*Homeland Security*, 430 F. Supp. 2d 672, 676 (S.D. Tex. 2006).  An agency is complying with the FOIA if it exercises good faith and due diligence by processing FOIA requests in this manner.  *Open America*, 547 F.2d at 616; *Eastern Carpet House*, 430 F. Supp. 2d at 676.  The exhibits reflect that ICE is processing Maringo's FOIA request and that it is exercising diligence in dealing with a large backlog of such requests.  (Doc. # 1, Exhibit B).  Absent a showing that the respondents have refused to provide information or to process his request, Maringo is not entitled to relief under the FOIA.[4]

Alternatively, Maringo is not entitled to a writ of mandamus because he does not demonstrate the lack of an adequate remedy.  Maringo reports in his petition that he requested the above-referenced documents in connection with an asylum proceeding, but that the immigration judge refused to issue a subpoena or to compel the respondents to provide the requested documents.  (Doc. # 1, *Petition* at 5).  Maringo reports that his asylum case is now on appeal to the Fifth Circuit.  (*Id.* at 3).  If Maringo wishes to complain that he was improperly denied access to information relevant to his claim for asylum, presumably he can present this argument along with his appeal.

Based on the foregoing, Maringo has failed to show that he is entitled to relief under the FOIA or any other statute referenced in his petition.  Therefore, his petition for a writ of

---

[4]    There may be circumstances in which prolonged delay in making information available may require judicial intervention.  *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (citing *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir. 1978)).  This case, however, does not present those kind of circumstances.

mandamus must be dismissed as frivolous.  Alternatively, his petition is dismissed for failure to state a claim upon which relief can be granted.

### C.    Maringo's Motion to Recuse

Maringo has filed a motion asking this Court to voluntarily withdraw or recuse itself from this case.  In support, Maringo cites a dismissal order issued in one of his prior cases in which this Court found that he was not entitled to relief.  *Maringo v. Gonzales*, Civil Action No. H-06-3397 (S.D. Tex.).  Maringo argues further that recusal is required because he believes that the Court is "probably a CIA operative."

Maringo fails to show that recusal is required by 28 U.S.C. § 144 or by 28 U.S.C. § 455(a), which requires that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Moreover, adverse rulings in a judicial proceeding are not proof of bias or prejudice and do not constitute grounds for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)); *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).  Accordingly, Maringo's motion to recuse is denied.

## IV.    <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.    The petitioner's motion to recuse (Doc. # 5) is **DENIED**.

3.    This case is **DISMISSED** with prejudice as frivolous and malicious or, in the alternative, for failure to state a claim.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on  June 21, 2007.

_____

Nancy F. Atlas
United States District Judge